﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/25/19

DOCKET NO. 190219-6271
DATE: June 25, 2019

ORDER

Readjudication of the claim for service connection for bilateral hearing loss is warranted. 

Service connection for bilateral hearing loss is denied. 

Service connection for tinnitus is denied. 

FINDINGS OF FACT

1. The Veteran had active service from October 1959 to November 1963.

2. New evidence was received after the September 2018 denial that is relevant to the issue of entitlement to service connection for bilateral hearing loss. 

3. Hearing loss and tinnitus were not shown in service, were not shown to a compensable degree within one year of service, symptoms not continuous since service, and hearing loss and tinnitus are not causally or etiologically related to service.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for bilateral hearing loss have been met. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). 

2. Bilateral hearing loss was not incurred in service and is not presumed to have been incurred in service. 38 U.S.C. §§ 1113, 1131, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309 (2018).

3. Tinnitus was not incurred in service and is not presumed to have been incurred in service. 38 U.S.C. §§ 1113, 1131, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309 (2018). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New and Relevant Evidence of Hearing Loss

The Board notes a claim for service connection for hearing loss was previously denied in September 2018. In November 2019, the Veteran filed a new claim for service connection for hearing loss. The rating decision on appeal was issued in February 2019. Also, in February 2019, he elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). At that time, he elected to have his appeal decided by the Board based on evidence-submission within 90 days with no hearing request.

The Veteran contends that he submitted evidence with his legacy system petition to reopen a claim for service connection for hearing loss that is new and relevant and warrants readjudication of the issue. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

The threshold questions are whether the Veteran submitted evidence after the prior final denial of his claim for service connection for hearing loss in the legacy system, and if so, whether that evidence is new and relevant to his claim. 

As discussed below, the Veteran submitted new evidence after the prior final rating decision in the legacy system that is relevant to his claim. Specifically, he submitted a private medical opinion in November 2018 and a VA opinion in December 2018 after the September 2018 prior final legacy rating decision. These opinions were not already of record and may prove or disprove the nexus element of the claim for service connection for hearing loss. Therefore, readjudication of the claim is warranted. 

Service Connection for Bilateral Hearing Loss and Tinnitus 

Service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 

Service connection may be granted on a presumptive basis for diseases listed in § 3.309 under the following circumstances: (1) where a chronic disease or injury is shown in service and subsequent manifestations of the same disease or injury are shown at a later date unless clearly attributable to an intercurrent cause; or (2) where there is continuity of symptomatology since service; or (3) by showing that the disorder manifested itself to a degree of 10 percent or more within one year from the date of separation from service. See 38 C.F.R. § 3.307.

Hearing loss is recognized by VA as a “chronic disease” under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions of 38 C.F.R. §§ 3.303(b), 3.307, and 3.309 apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015). 

Turning to the evidence, tinnitus and hearing loss were noted in a September 2018 VA examination. In this respect, hearing loss is considered a disability for VA purposes when the threshold level in any of the frequencies 500, 1000, 2000, 3000 and 4000 Hertz (Hz) is 40 decibels or greater; when the thresholds for at least three of these frequencies are 26 decibels or greater; or when speech recognition scores, using the Maryland CNC test, are less than 94 percent. 38 C.F.R. § 3.385. Test results were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 25 30 40 50 55

LEFT 30 40 50 65 75

The average pure tone threshold was 44 in the right ear, and 58 in the left ear. Speech audiometry revealed speech recognition ability of 94 percent in the right ear and 96 percent in the left ear. 

Therefore, hearing loss and tinnitus are currently shown. Reports of his symptoms are also well-documented throughout VA treatment records. Thus, the first element of service connection – a current diagnosis – has been met.

Next, the Veteran had noise exposure while in service. While serving in the Navy from June 1980 to February 1983, his military occupational specialty was Radio Operator. In a September VA examination, he reported that he wore a headset while working in communications and would be exposed to sudden loud sounds periodically. He also contended that he fired weapons and was exposed to howitzers without ear protection. Service treatment records (STRs) do not document complaints, diagnoses, or treatment for hearing loss or tinnitus. Nonetheless, as described above, he has asserted noise exposure from working as a radio operator and weapons. Based on this evidence, in-service noise exposure is established.

To the extent that the Veteran asserts a nexus between his currently-diagnosed hearing loss and his in-service noise exposure, a September 2018 VA examination determined that it was less likely than not that bilateral hearing loss was incurred in service. The examiner reasoned that the Veteran reported experiencing hearing loss and tinnitus many years after separation. He also reported post-recreational noise exposure in addition to military noise exposure. Further, the examiner noted the absence of a hearing test at separation. Because of this, the examiner concluded that he could not determine without speculation if the Veteran’s hearing had worsened only as a result of service. 

However, a November 2018 private opinion determined that his bilateral hearing loss and tinnitus were at least as likely as not related to service. The physician based his opinion on the Veteran’s current diagnoses as well as his military occupational specialty in service and his experience operating heavy machinery. 

Further, a December 2018 VA opinion determined that his hearing loss and tinnitus were less likely related to service. The examiner noted that the Veteran had reported an onset of hearing loss beginning two years ago and tinnitus four years ago. She also noted that his September 2018 VA examination showed bilateral gradually sloping hearing loss at all frequencies, which the examiner stated was normally due to aging and not noise exposure. In support of this contention, she cited a study that showed noise induced hearing loss being typically greater in the highest frequencies. Further, she stated that noise induced hearing loss and tinnitus do not have a delayed onset. 

The Board has the responsibility of weighing conflicting medical opinions and may place greater weight on one physician’s opinion over another depending upon factors such as reasoning employed by the physicians and the extent to which they reviewed prior clinical records and other evidence. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 30004 (2008); Prejean v. West, 13 Vet. App. 444, 44849 (2000) (stating that factors for assessing the probative value of a medical opinion include the thoroughness and detail of the opinion). 

In this case, the Board affords the VA examination and opinion more probative weight than the private opinion. The VA examiners reviewed the claims file, to include STRs, and provided detailed rationales for the opinions rendered. On the other hand, the private clinician offered a bare conclusion without any support. There is no indication that the clinician reviewed the claims file and it appears that he only considered the Veteran’s statements in reaching his conclusion. Therefore, the weight of the medical evidence does not support the claim.

Turning to the one-year presumption, neither bilateral hearing loss or tinnitus manifested to a compensable degree within one year of separation from service. In a September 2018 VA examination, the clinician diagnosed bilateral sensorineural hearing loss, but reported no history of prior ear pathology. Further, in this examination, the Veteran maintained that he had had hearing problems for the last two years. Even assuming that he developed symptoms of bilateral hearing loss in 2016, this is well outside the one-year legal presumption for certain chronic diseases such as hearing loss. 

Next, the record does not establish continuity of symptomatology under 38 C.F.R. § 3.309(a). As noted above, the evidence shows that the Veteran’s symptoms began as early as 2016, more than 50 years after his separation from service. Therefore, hearing loss was not shown until 2016, with documentation beginning at the same time. In light of the above, the medical evidence does not support service connection for hearing loss based on continuity of symptomatology. In sum, the preponderance of the medical evidence weighs against the claim for service connection.

The Board has considered lay statements submitted by the Veteran asserting that his hearing loss and tinnitus began in service. He is competent to report symptoms because this requires only personal knowledge, as it comes to him through his senses. However, he is not competent to offer an opinion as to the etiologies of his current disorders due to the medical complexity of the matters involved. 

Such competent evidence has been provided by the medical personnel who have examined the Veteran during his current appeal and by service records obtained and associated with the claims file. Here, the Board attaches greater probative weight to the clinical findings than to the lay statements that have been submitted. 

In light of the above discussion, the preponderance of the evidence is against the claims for service connection and there is no doubt to be otherwise resolved. As service connection is not warranted, the appeals are denied. 

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Ragofsky, Legal Clerk 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.